2003 UT App 212

**STATE of Utah, Plaintiff and Appellee,**

v.

**Edwin Birdhand LEHI, Defendant and Appellant.**

**No. 20020590–CA.**

Court of Appeals of Utah.

June 26, 2003.

---

Kristine M. Rogers, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeffrey S. Gray, Asst. Atty. Gen., Salt Lake City, for Appellee.

## OPINION

ORME, Judge:

¶ 1 Defendant appeals the trial court's denial of his motion to withdraw his guilty plea to the charge of Driving Under the Influence of Alcohol (DUI). We reverse.

## BACKGROUND

¶ 2 Defendant was charged with DUI (with two prior convictions), a violation of Utah Code Ann. § 41–6–44 (Supp.2000); [1] Driving

---

1. Section 41–6–44 has been amended since the time of· Defendant's arrest, and for that reason, throughout this opinion, we cite to the 2000 version of the statute, the version in effect at the time of the arrest, unless otherwise indicated. The pertinent portion of that version reads as follows:

A person may not operate or be in actual physical control of a vehicle within this state if the person:
  (i) has sufficient alcohol in his body that a chemical test given within two hours of the alleged operation or physical control shows

on Suspended or Revoked Operator's License, a violation of Utah Code Ann. § 53–3–227(3)(a) (1998); and Driving Without Registration, a violation of Utah Code Ann. § 41–1a–1303(1) (Supp.1998). The information described the DUI offense, which is the only offense at issue in this appeal, as follows:

[O]n or about 8–25–2000, the defendant did operate or was in actual physical control of a vehicle, and

(i) had sufficient alcohol in his body that a chemical test given within two hours of the alleged operation or physical control showed that the defendant had a blood or breath alcohol concentration of .08 grams or greater; or (ii) was under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree which rendered the defendant incapable of safely operating a vehicle;

and the defendant has at least two or more prior convictions under Utah Code § 41–6–44 within six years of this violation.

¶ 3 At a preliminary hearing, two witnesses for the State—a convenience store manager who observed Defendant at the store for several minutes prior to his arrest and an investigating police officer—testified about Defendant's behavior at the time of the incident that led to his arrest. The store manager testified that Defendant's driving appeared to be very impaired while he was on the store property, he had great difficulty in maintaining his balance, his eyes were "glazed over," and "he was obviously way past anything reasonable." The police officer also testified to Defendant's lack of balance and added that Defendant's speech was "very slurred" and that he had a "[s]trong odor of alcohol." The officer further stated

that he asked Defendant to take a breathalyzer test, but Defendant refused.

¶ 4 Defendant entered into a plea agreement with the prosecutor, wherein Defendant agreed to plead guilty to the DUI charge. In exchange, the prosecutor agreed to recommend that the other two charges be dismissed and that Defendant be sentenced to ninety days in jail. Pursuant to this agreement, Defendant filed a plea affidavit with the trial court, which contained the following relevant provisions (handwritten portions are emphasized):

I have received a copy of the ... Information against me. I have read it, or had it read to me, and I understand the nature and the elements of crime[ ] to which I am pleading guilty....

The elements of the crime[ ] to which I am pleading guilty ... are: *ACTUAL PHYSICAL CONTROL OF A VEHICLE W/ BAC OF .08 OR GREATER W/ 2 OR MORE PRIOR DUI'S W/I 6 YEARS.*

I understand that by pleading guilty I will be admitting that I committed the crimes listed above.... I stipulate and agree ... that the following facts describe my conduct and the conduct of other persons for which I am criminally liable. These facts provide a basis for the court to accept my guilty ... plea[ ] and prove the elements of the crime[ ] to which I am pleading guilty ...:
*I WAS DRIVING MY CAR*
*I HAD BEEN DRINKING*
*I HAVE TWO PRIOR DUI'S W/I LAST 6 YEARS.*

¶ 5 After Defendant filed his affidavit, the trial court conducted a plea colloquy with Defendant, which went, in part, as follows:

---

that the person has a blood or breath alcohol concentration of .08 grams or greater; or (ii) is under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle.

Utah Code Ann. § 41–6–44(2)(a) (Supp.2000).

The current version of the statute differs from the 2000 version in certain respects. Subsection (i) now simply requires "a subsequent chemical test" rather than "a chemical test given within

two hours of the alleged operation or physical control," and it clarifies that the offender must have the requisite blood or breath alcohol concentration "at the time of the test." Utah Code Ann. § 41–6–44(2)(a)(i) (Supp.2002). The current version makes no changes to subsection (ii), but it adds a new subsection (iii), which prohibits a person from operating or controlling a vehicle if the person "has a blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control." *Id.* § 41–6–44(2)(a)(iii).

THE COURT: Mr. Lehi, did you read this [affidavit]?

MR. LEHI: Yes, Your Honor.

THE COURT: Did you understand what you read?

MR. LEHI: Yes.

THE COURT: Do you swear to me that these statements are the truth?

MR. LEHI: Yes, Your Honor.

THE COURT: I'm required to personally advise you that I do not have to follow any sentencing recommendation the prosecutor may have agreed to make and I can impose the maximum sentence of up to five years in prison; do you understand that?

MR. LEHI: Yes, Your Honor.

THE COURT: I also need to be sure that you are acting of your own free will. Are you?

MR. LEHI: Yes.

THE COURT: To the charge of Driving Under The Influence Of Alcohol With Two Previous Convictions, a Third Degree Felony, how do you plead?

MR. LEHI: Ah, guilty.

THE COURT: I find the defendant is aware of his legal and constitutional rights and that he has knowingly and voluntarily waived those rights and tendered those—this plea. I order that the plea be entered. The remaining counts are dismissed, pursuant to the plea agreement.

¶ 6 In accordance with the plea agreement, the prosecutor recommended to the trial court a sentence of ninety days in jail. However, when the trial court declined to follow the prosecutor's recommendation and instead sentenced Defendant "to a term in the Utah State Prison not to exceed five years," Defendant moved to withdraw his guilty plea on the ground that, among other things, it was taken in violation of rule 11(e)(4)(A) of the Utah Rules of Criminal Procedure.[2] The

2. Defendant's motion also alleged (1) violations of Utah R.Crim. P. 11(e)(4)(B), the United States Constitution, and the Utah Constitution; (2) ineffective assistance of counsel; (3) breach of the plea agreement by the State; and (4) involuntary entry of the plea. He then filed an amended motion in which he alleged an additional violation of the plea agreement by the prosecutor.

trial court denied his motion, and Defendant now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 7 The issue in this case is whether the trial court sufficiently ensured, in taking Defendant's guilty plea, that Defendant "underst[ood] the nature and elements" of the DUI charge, as required by rule 11(e)(4)(A) of the Utah Rules of Criminal Procedure. The Utah Supreme Court has set forth the following standard of review for rule 11 cases:

We review a trial court's denial of a motion to withdraw a guilty plea under an "abuse of discretion" standard, incorporating the "clearly erroneous" standard for the trial court's findings of fact made in conjunction with that decision. However, the ultimate question of whether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness.

*State v. Holland,* 921 P.2d 430, 433 (Utah 1996) (quoting *State v. Blair,* 868 P.2d 802, 805 (Utah 1993)).

## GOVERNING LAW

¶ 8 The Utah Supreme Court requires trial courts to comply strictly with rule 11 in the taking of guilty pleas. *See State v. Maguire,* 830 P.2d 216, 217 (Utah 1992); *State v. Gibbons,* 740 P.2d 1309, 1312–14 (Utah 1987). Strict compliance, however, does not require trial courts to rely solely on the plea colloquy in ensuring that defendants understand their rights, *see Maguire,* 830 P.2d at 218 ("[S]trict compliance can be accomplished by multiple means [.]"), nor does it "relegate[courts] to rote recitation of the rule 11 elements" during the colloquy. *State v. Abeyta,* 852 P.2d 993, 996 (Utah 1993) (per curiam).

The trial court rejected both motions. The only issues Defendant raises on appeal are the rule 11 issues and the alleged breach of the plea agreement that is contained in Defendant's amended motion. Because we decide this case on rule 11(e)(4)(A) grounds, we do not address either the rule 11(e)(4)(B) argument or the argument based on the alleged breach of the plea agreement.

¶ 9 Rather, in determining whether a defendant understands his or her rule 11 rights, a trial court is allowed to rely, to a certain extent, upon plea affidavits and other documents, *see, e.g., State v. Smith,* 777 P.2d 464, 465–66 (Utah 1989), so long as the court establishes on the record at the time the plea is entered that the defendant has read and understood those affidavits and documents. *See Maguire,* 830 P.2d at 217–18 & n. 2 (articulating this requirement as to plea affidavits and stating that other documents can also be used if they are "similarly incorporated into the record"); *Gibbons,* 740 P.2d at 1312–13 ("Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered.... 'There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him.' ") (emphasis in original) (quoting *McCarthy v. United States,* 394 U.S. 459, 470, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418 (1969)); *State v. Mora,* 2003 UT App 117,¶¶ 19–20, 69 P.3d 838 (reiterating this requirement and holding that defendant's "affidavit was not properly incorporated into the record" because "the trial court made no inquiry into whether [defendant] had read, understood, and acknowledged the affidavit"). *See also State v. Smith,* 812 P.2d 470, 476–77 (Utah Ct.App.1991) (analyzing "the affidavit and colloquy together" since "the trial court carefully reviewed appellant's plea affidavit with appellant during the plea colloquy, and then incorporated the affidavit into the record of the plea hearing"), *cert. denied,* 836 P.2d 1383 (Utah 1992).[3]

¶ 10 However, such affidavits and other documents must be treated as "only the starting point.... The trial judge should [still] review the statements in the affidavit with the defendant, question the defendant concerning his understanding of it, and fulfill the other requirements imposed by [rule 11] on the record before accepting the guilty plea." *Gibbons,* 740 P.2d at 1313–14. Furthermore, " '[a]ny omissions or ambiguities in the affidavit must be clarified during the plea hearing.' " *Maguire,* 830 P.2d at 217 (quoting *Smith,* 812 P.2d at 477). *Accord Mora,* 2003 UT App 117 at ¶ 19, 69 P.3d 838.

## ANALYSIS

¶ 11 Based on the above principles, we conclude that Defendant's plea affidavit was properly incorporated into the plea record. The trial court specifically asked Defendant if he had read and understood it, and Defendant replied that he had. The contents of the information filed against Defendant were also properly incorporated into the record, as Defendant acknowledged the information in his affidavit. *See, e.g., State v. Penman,* 964 P.2d 1157, 1161 (Utah Ct.App.1998) (looking to information after acknowledging "the affidavits stated that [defendant] had received a copy of the information").

**3.** We acknowledge the case of *Salazar v. Warden,* 852 P.2d 988 (Utah 1993), in which the Utah Supreme Court did not limit itself to the plea record described in the preceding text. It held: "[A] court ... is not limited to the record of the plea hearing but may look at the surrounding facts and circumstances, including the information the petitioner received from his or her attorneys before entering the plea." *Id.* at 992.

However, *Salazar* is inapplicable here because it was not a rule 11 case. It was a habeas corpus case, involving the issue of whether the defendant had been deprived of a constitutional right, *see id.* at 991, which is "more than a violation of the prophylactic provisions of rule 11." *Id.* at 992. *Accord Haase v. United States,* 800 F.2d 123, 127 (7th Cir.1986); *State ex rel. Vernatter v. Warden,* 207 W.Va. 11, 528 S.E.2d 207, 215–16 (1999). The Court explicitly distinguished "collateral attack" cases like *Salazar* from cases involving "a direct appeal from denial of a motion to withdraw a guilty plea." 852 P.2d at 991 n. 6. Since it was looking for a violation of constitutional magnitude, the *Salazar* court did not restrict itself to reviewing only the plea record.

Tellingly, the Utah Supreme Court has never applied *Salazar's* expanded-record standard to a pure rule 11 case. The Court's post-*Salazar* rule 11 cases have restricted themselves to the more limited record we have described. *See, e.g., State v. Thurman,* 911 P.2d 371, 374 (Utah 1996). Some of this court's rule 11 cases may have slightly misconstrued *Salazar,* citing it for the proposition that it does apply to rule 11 cases. *See, e.g., State v. Ostler,* 2000 UT App 28,¶ 17, 996 P.2d 1065, *aff'd on other grounds,* 2001 UT 68, 31 P.3d 528; *State v. Stilling,* 856 P.2d 666, 674–75 (Utah Ct.App.1993) (addressing rule 11 in the context of an *Alford* plea). Insofar as those cases implied that *Salazar's* expanded-record standard applies to rule 11 cases, such an implication may surely be questioned.

¶ 12 However, neither the plea colloquy nor the affidavit contains any mention of the preliminary hearing. Therefore, we cannot use the convenience store manager's or the investigating officer's testimony to judge the legal adequacy of Defendant's understanding of the nature and elements of his DUI charge. *See State v. Maguire*, 830 P.2d 216, 217 (Utah 1992). Rather, in assessing his understanding, we must limit ourselves to the plea colloquy, the affidavit, and the information.

■ ¶ 13 A review of the information and affidavit reveals that an ambiguity existed. The information accurately describes both alternative prongs of the DUI crime: the "blood or breath alcohol concentration" prong and the "incapable of safely operating a vehicle" prong. *See* Utah Code Ann. § 41-6-44(2)(a) (Supp.2000). However, the affidavit, which is the document in which Defendant formally demonstrated his understanding of "[t]he elements of the crime[ ] to which [he was] pleading guilty," refers only to the "blood or breath alcohol concentration" prong. This is problematic because Defendant could not have been convicted under this prong in the absence of a blood or breath test.[4] Since he could not have been convicted under the "blood or breath alcohol concentration" prong, he could have been convicted only under the "incapable of safely operating

a vehicle" prong, and that prong was not referenced in the affidavit.

¶ 14 A plain reading of the affidavit clearly evidences some confusion regarding the crime of DUI as allegedly committed by Defendant. On the one hand, it says, "I have read [the information], or had it read to me, and I understand the nature and elements of [the] crime[ ] to which I am pleading guilty...." However, that statement is then followed by an inapplicable list of DUI elements, i.e., the elements pertaining to the "blood or breath alcohol concentration" prong. Based on that portion of the affidavit, we must conclude that the record does not adequately demonstrate that Defendant understood the nature and elements of the DUI charge actually applicable to him.[5]

¶ 15 Another problem exists in the affidavit. It states that the fact that Defendant drove his car after he "had been drinking" "prove[s] the elements of the crime[ ] to which [he was] pleading guilty." However, that statement is not correct. Drinking alcohol and then driving, without more, is not a crime in Utah. One commits the crime of DUI only if one drives, having consumed enough alcohol to register "a blood or breath alcohol concentration of .08 grams or greater," as demonstrated by a subsequent chemi-

---

4. Utah Code Ann. § 41-6-44(2)(a)(i) (Supp.2000) requires the requisite blood or breath alcohol concentration to be shown by "a chemical test given within two hours of the alleged [violation]," and that requirement was not met in this case. We recognize that section 41-6-44.5 tempers this requirement somewhat. *See* Utah Code Ann. § 41-6-44.5(2) (1998) (allowing tardy chemical tests to be admitted into evidence, "but the trier of fact shall determine what weight is given to the result of the test"); *id.* § 41-6-44.5(3) ("This section does not prevent a court from receiving otherwise admissible evidence as to a defendant's blood or breath alcohol level[.]"). However, the circumstances described in section 41-6-44.5 do not apply to this case. No chemical test, not even a tardy one pursuant to subsection (2), was ever given. As for subsection (3), the State has not argued that we should interpret it to permit non-test evidence to establish that a defendant's blood or breath alcohol concentration exceeded .08, nor does the plea record contain any such evidence.

5. We emphasize that this conclusion is based upon the limited record that we can consider,

i.e., the plea colloquy, the affidavit, and the information. We acknowledge it is quite possible that on a purely subjective level, Defendant actually did understand the nature and elements of the DUI charge. However, since such an understanding is not evident from the plea record before us, we cannot conclude that the trial court adequately ensured that Defendant understood the charge. *See State v. Maguire*, 830 P.2d 216, 218 (Utah 1992) ("The *record* before an appellate court must contain a basis for [the] findings [required by rule 11.]") (emphasis added); *State v. Gibbons*, 740 P.2d 1309, 1314 (Utah 1987) (emphasizing the importance for trial courts to take the time to "produce[ ] a clearly adequate record for review"). *Cf. State v. Thurston*, 781 P.2d 1296, 1301-02 (Utah Ct.App.1989) (stating that if the record reflects that the trial court accurately informed defendant about the maximum possible sentence, defendant's "mere subjective belief as to a potential [lighter] sentence is insufficient to invalidate a guilty plea as involuntary or unknowing").

cal test, or drives when "under the influence of alcohol ... to a degree that renders the person incapable of safely operating a vehicle." Utah Code Ann. § 41–6–44(2)(a)(i)–(ii) (Supp.2000).[6] Therefore, Defendant's statement that his driving after he "had been drinking" satisfies the elements of DUI demonstrates a misunderstanding of the nature and elements of the DUI crime.[7]

¶ 16 The trial court was obligated to clarify these discrepancies during the plea colloquy. *See State v. Maguire*, 830 P.2d 216, 217 (Utah 1992). It should have acknowledged the inconsistency between the information and the affidavit, informed Defendant that the affidavit's description of the DUI elements was inapplicable to his case, described to Defendant the "incapable of safely operating a vehicle" prong, and asked Defendant if he would admit the facts required by that prong, i.e., that he operated or was in actual physical control of a vehicle while intoxicated to such a degree that he was incapable of safely operating a vehicle. Since the court failed to make these clarifications, it did not strictly comply with rule 11 in accepting Defendant's guilty plea. Therefore, the trial court exceeded its discretion in denying Defendant's motion to withdraw his guilty plea.[8]

## CONCLUSION

¶ 17 Because the trial court failed to comply strictly with rule 11(e)(4)(A) of the Utah Rules of Criminal Procedure in taking Defendant's guilty plea, we reverse the trial court's denial of his motion. We remand with instructions to allow Defendant to withdraw his guilty plea and for such other proceedings as may now be appropriate.

6. The current version of section 41–6–44 has slightly altered these DUI elements. *See* note 1.

7. In making this observation, the comments we made in note 5 bear repeating.

8. The State mentioned at oral argument that Defendant "had eight [prior] DUIs." Its stated intent in bringing this to our attention was to persuade us that "it goes beyond rationality to believe that this man did not understand what he was pleading to." Intuitively, there is some logic to this claim. However, Defendant's past arrests

¶ 18 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

were not mentioned during the plea colloquy; other than the State's passing reference to a DUI arrest in New Mexico, they are not otherwise included in the record; and we have no additional information about them. *See* note 5. *Cf. State v. Snyder*, 860 P.2d 351, 357–58 (Utah Ct.App. 1993) (holding that an arrested police officer was entitled to be read his *Miranda* rights, despite his admitted familiarity with them). Therefore, we do not consider Defendant's prior criminal record in evaluating whether he understood the nature and elements of the criminal offense charged in this case.