2009 UT App 188

**STATE of Utah, Plaintiff and Appellee,**

v.

**James Norman ALEXANDER, Defendant and Appellant.**

**No. 20080568–CA.**

Court of Appeals of Utah.

July 16, 2009.

Rehearing Denied Aug. 4, 2009.

Linda M. Jones and Michael R. Sikora, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Marian Decker, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and DAVIS.

## OPINION

DAVIS, Judge:

¶ 1 James Norman Alexander appeals from a conviction of burglary, a second degree felony, *see* Utah Code Ann. § 76–6–202 (2008). Alexander argues that the trial court's failure to apprise him of the elements of sexual battery—the specific intent crime included in the burglary charge—as well as the trial court's failure to outline the factual basis for the plea, resulted in an unknowing and involuntary guilty plea. We agree and, accordingly, reverse.

## BACKGROUND

¶ 2 In January 2006, the State filed an information against Alexander for rape and forcible sexual abuse. At the preliminary hearing, the following testimony was elicited from the alleged victim: (1) she and Alexander knew each other and had previously dated; (2) in late January 2006, she spoke with Alexander and Alexander indicated that he wanted to visit her at her home; (3) Alexander told her that he wanted to have sex with her; (4) she told Alexander that she did not want to have sex with him, but nonetheless agreed to his visit; (5) after arriving at her home, Alexander began making unwanted sexual advances toward her; (6) she told Alexander that she was engaged and "[did] not want [him]"; (7) despite her protests, Alexander became aggressive and "started touching [her], like hugging [her] and kissing [her]"; (8) she told Alexander to "get the hell off [her]," but Alexander became more physically aggressive; (8) Alexander then grabbed her arms and breasts and touched her vagina underneath her clothing without her consent; (9) she then decided to change her clothing, which she did in front of Alexander; and (10) Alexander then forced her onto her bed and had intercourse with her without her consent.

¶ 3 Alexander did not testify at the preliminary hearing, denied all of the allegations,

and entered pleas of not guilty to the charges contained in the information. Pursuant to a plea bargain, the State subsequently filed an amended information charging burglary and Alexander entered a guilty plea. Alexander and his trial counsel signed a Statement of Defendant in Support of Guilty Plea (the plea affidavit), which purported to identify the elements and the factual basis of the crime to which Alexander was pleading guilty. As to the elements of the offense, the plea affidavit stated as follows:

> The defendant (1) remained unlawfully (2) in a dwelling (3) with the intent to commit a felony, theft, assault, or lewdness, or sexual battery.

As to the factual basis for the charge, the plea affidavit provided the following description of the events:

> On 1/29/06 at 564 N. Pugsley St. in Salt Lake County, Utah, the defendant was in the apartment of [the alleged victim] and committed the offense of sexual battery on [her].

Additionally, during the plea hearing on the amended information, the following colloquy occurred regarding the nature and elements of the burglary charge:

> THE COURT: Okay. You've explained to [Alexander] what a second degree felony means, and you feel like he's agreeing to this knowingly and voluntarily?
>
> [ALEXANDER'S COUNSEL]: I have, Your Honor. I've reviewed the amended information with him as well as [the plea affidavit]—
>
> THE COURT: All right.
>
> [ALEXANDER'S COUNSEL]:—outlining all of those issues.
>
> THE COURT: Thank you.

The trial court then asked Alexander's counsel to provide the factual basis for the plea to burglary:

> [ALEXANDER'S COUNSEL]: Your Honor, on January 29th [of] 2006 at 565[1] North Pugsley Street in Salt Lake County, Mr. Alexander was in the apartment of

---

1. The plea affidavit lists the address as 564 N. Puglsey Street. It is unclear which address is correct.

[the alleged victim], a friend of his. He did—he was allowed into the apartment, but while in the apartment, he committed the offense of sexual battery on [the alleged victim].

[COUNSEL FOR THE STATE]: And I think it may be sufficient, Your Honor. What we're alleging here is that as he's in the apartment, she starts to do some actions that clearly tell him that he needs to be out of the apartment and instead of leaving, he remains with the intent as we've outlined.

THE COURT: All right. Is that what happened, Mr. Alexander?

MR. ALEXANDER: Yes, sir.[2]

Following this brief colloquy, the trial court accepted Alexander's guilty plea.

¶4 Prior to sentencing, Alexander timely moved to withdraw his plea, which motion the trial court denied.[3] Alexander now appeals.

## ISSUE AND STANDARDS OF REVIEW

¶5 Alexander contends that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, Alexander argues that the record of the plea fails to support that he understood the nature and elements of the specific intent crime underlying the burglary plea, i.e., sexual battery, and also fails to contain an adequate factual basis to support the plea. " '[W]hether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness.' " *State v. Lehi*, 2003 UT App 212, ¶7, 73 P.3d 985 (quoting *State v. Holland*, 921 P.2d 430, 433 (Utah 1996)). However, " '[w]e review a trial court's denial of a motion to withdraw a guilty plea under an "abuse of discretion" standard.' " *Id.* (quoting *Holland*, 921 P.2d at 433).

## ANALYSIS

¶6 "Rule 11 of the Utah Rules of Criminal Procedure governs the entry of

guilty pleas." *State v. Corwell*, 2005 UT 28, ¶11, 114 P.3d 569; *see also* Utah R.Crim. P. 11. The burden of compliance with rule 11 rests squarely upon the trial court, which "means that the trial court [must] personally establish that the defendant's guilty plea is truly knowing and voluntary and establish *on the record* that the defendant knowingly waived his ... constitutional rights." *State v. Visser*, 2000 UT 88, ¶11, 22 P.3d 1242 (alteration in original) (internal quotation marks omitted).

¶7 The trial court's burden in this regard is described "as a duty of strict compliance." *Corwell*, 2005 UT 28, ¶11, 114 P.3d 569 (internal quotation marks omitted). However, strict compliance "does not require that a [trial] court follow a particular script or any other specific method of communicating the rights enumerated by rule 11. To the contrary, strict compliance can be accomplished by multiple means so long as ... the record reflects that the requirement has been fulfilled." *Id.* ¶12 (citation and internal quotation marks omitted). Indeed, "the substantive goal of rule 11 is to ensure that defendants know of their rights and thereby understand the basic consequences of their decision to plead guilty. That goal should not be overshadowed ... by formalistic ritual." *Visser*, 2000 UT 88, ¶11, 22 P.3d 1242.

¶8 In furtherance of this goal, rule 11 requires a trial court to make nine findings before accepting a defendant's guilty plea. *See* Utah R.Crim. P. 11(e). Relevant to this appeal, the trial court must find that (1) "the defendant understands the nature and elements of the offense to which the plea is entered," *id.* R. 11(e)(4)(A), and (2) "there is a factual basis for the plea," *id.* R. 11(e)(4)(B).

¶9 Once the trial court has accepted the defendant's guilty plea, any attempt to withdraw it is governed by statute. *See* Utah Code Ann. § 77–13–6 (2008). Pursuant to Utah Code section 77–13–6, a guilty plea

---

2. The foregoing colloquy represents the entire discussion regarding Alexander's understanding of the nature and elements of the burglary plea, as well as the factual basis for the plea.

3. Judge John Paul Kennedy accepted Alexander's initial guilty plea, while Judge Ann Boyden denied Alexander's motion to withdraw.

"may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." *Id.* § 77–13–6(2)(a). It is well settled that a trial court's strict compliance with rule 11 in accepting a defendant's guilty plea creates a presumption that the plea was knowingly and voluntarily entered. *See State v. Martinez,* 2001 UT 12, ¶ 22, 26 P.3d 203.

¶ 10 Under rule 11(e)(4)(A), a trial court may not accept a guilty plea unless it determines that the defendant understands both the nature and the elements of the offense with which he is charged and that "the plea is an admission of *all those elements.*" Utah R.Crim. P. 11(e)(4)(A) (emphasis added). Alexander argues that the trial court did not determine that he understood the nature and elements of the burglary charge because the court did not discuss or explain the elements of sexual battery before accepting his plea. Accordingly, Alexander argues, his plea was not voluntary and knowing because it was not "an admission of all those elements," *id.,* and the trial court abused its discretion in refusing to grant his motion to withdraw the plea. For the following reasons, we agree.

¶ 11 Alexander pleaded guilty to second degree burglary, which requires that (1) a defendant enter or remain unlawfully in a dwelling, *see* Utah Code Ann. § 76–6–202(1)–(2) (2008), (2) with the *intent to commit* one or more of several enumerated offenses, here, sexual battery, *see id.* § 76–6–202(1)(e). Entering or remaining unlawfully is insufficient, by itself, to support a charge of burglary. *See State v. Pitts,* 728 P.2d 113, 117 (Utah 1986). "In addition to [entering or remaining unlawfully], the *intent* to commit a felony, theft[,] ... assault[, or lewdness, or sexual battery] therein must be proved, or circumstances shown from which the intent may reasonably be inferred." *Peck v. Dunn,* 574 P.2d 367, 370 (Utah 1978) (emphasis added) (internal quotation marks omitted). Because Alexander's intent to commit sexual battery once inside the alleged victim's home was the crux of the burglary charge against him, the trial court was required to ensure that Alexander understood the elements of sexual battery—and that he was pleading guilty to all of those elements–before accept-

ing his guilty plea, *see* Utah R.Crim. P. 11(e)(4)(A).

¶ 12 Here, the plea affidavit and the plea colloquy contain no discussion of the elements of sexual battery. *See generally* Utah Code Ann. § 76–9–702(3) (stating that an actor commits sexual battery if "under circumstances not amounting to rape ... [the actor] intentionally touches ... the anus, buttocks, or any part of the genitals of another person, or the breast of a female, and the actor's conduct is under circumstances the actor knows or should know will likely cause affront or alarm to the person touched"). Rather, the plea affidavit describes the elements of burglary as remaining unlawfully in a dwelling "with the intent to commit a *felony, theft, assault,* or *lewdness,* or *sexual battery.*" (Emphasis added.) As written, the affidavit not only fails to identify the specific intent crime supporting the burglary charge, but also the elements thereof. Additionally, during the plea colloquy, the only question the trial court asked in this regard was whether Alexander's counsel had discussed with Alexander "what a second degree felony means."

¶ 13 Under these circumstances, we simply cannot say that Alexander understood the nature and the elements of the offense-that is, burglary with the intent to commit sexual battery-to which he pleaded guilty. Accordingly, we conclude that the trial court did not strictly comply with rule 11 when it accepted Alexander's plea and that the trial court exceeded its discretion in denying Alexander's motion to withdraw because the plea was not knowing and voluntarily. Because the trial court's failure to explain the elements of the burglary charge as required by rule 11 is dispositive of the appeal, it is unnecessary for us to address Alexander's argument that the factual basis for the plea was also deficient.

## CONCLUSION

¶ 14 We determine that the trial court did not strictly comply with rule 11(e)(4)(A) of the Utah Rules of Criminal Procedure when it failed to ensure that Alexander understood the elements of the sexual battery offense

and the record is virtually devoid of any other indication Alexander understood those elements. There is therefore no presumption that the plea was knowingly and voluntarily entered. We also conclude that the trial court exceeded its discretion in denying Alexander's motion to withdraw his guilty plea because the plea was not knowing and voluntary. We therefore reverse and remand to the trial court to allow Alexander to withdraw his guilty plea and for such other proceedings as may now be appropriate.

¶ 15 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and GREGORY K. ORME, Judge.