**2013 UT App 106**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
*Plaintiff and Appellee,*
*v.*
PATRICK JOSEPH JONES,
*Defendant and Appellant.*

Memorandum Decision
No. 20110273-CA
Filed April 25, 2013

Third District, Salt Lake Department
The Honorable Robin W. Reese
No. 071905694

Debra M. Nelson, Attorney for Appellant
John E. Swallow and Christopher D. Ballard, Attorneys for
Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and WILLIAM A. THORNE JR.
concurred.

ORME, Judge:

¶1     Defendant pled guilty to a charge of obstruction of justice, a first degree felony,[1] *see* Utah Code Ann. § 76-8-306(1) (LexisNexis

---

[1]The maximum offense level for obstruction of justice, standing alone, is a second degree felony. *See* Utah Code Ann. § 76-8-306(3) (LexisNexis 2008). However, the crime can be enhanced to a first degree felony. *See id*. § 76-3-203.1.

2008),[2] and was sentenced accordingly. He now appeals the legality of his sentence. We decline to disturb the sentence imposed.

¶2      In 2007, after being involved in a carjacking and shooting, Defendant was charged with attempted murder, aggravated kidnapping, and possession or use of a firearm by a restricted person. When originally questioned about these crimes by police, Defendant claimed that he knew nothing about the incident. More than three years later, Defendant and the State entered into a plea agreement. Pursuant to the plea agreement, Defendant pled guilty to obstruction of justice, a first degree felony, and the State dropped all other charges. Based on his guilty plea to a first degree felony, Defendant was sentenced to an indeterminate term of five years to life. *See* Utah Code Ann. § 76-3-203(1) (LexisNexis 2012). Defendant now appeals, claiming his sentence is illegal.

¶3      While rule 22(e) of the Utah Rules of Criminal Procedure permits this court to correct an illegal sentence at any time, Utah courts have carefully circumscribed the application of this rule in order to prevent abuse. *See State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854. Defendants cannot use rule 22(e) as "a veiled attempt to challenge the underlying conviction by challenging the sentence." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008. Instead, rule 22(e) applies only when a sentence is "patently" or "manifestly" illegal. *Id*. "A 'patently' or 'manifestly' illegal sentence generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction or (2) where the sentence is beyond the authorized statutory range." *Thorkelson*, 2004 UT App 9, ¶ 15. The

---

[2]When no material changes have been made to statutory provisions, we cite the current version of the Utah Code as a convenience to the reader. Sections 76-3-203.1 and 76-8-306(1) have been significantly amended since the incident at issue in this case. *Compare* Utah Code Ann. §§ 76-3-203.1, 76-8-306(1) (LexisNexis 2012) *with id*. §§ 76-3-203.1, 76-8-306(1) (LexisNexis 2008). Accordingly, we cite the versions of these provisions that were in effect at the time of the incident.

Utah Supreme Court has determined that a sentence is also illegal if it is "ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 (citation and internal quotation marks omitted).

¶4      Defendant first argues that his sentence is illegal because "neither the plea colloquy nor the plea affidavit established or identified the criminal offense and severity of conduct that constituted a crime." Essentially, Defendant argues that the documents and procedure leading up to his guilty plea were insufficient to identify a specific violation of law or justify a penalty greater than a class A misdemeanor. Therefore, he concludes, the sentence was illegal because it was based upon a plea in which the "underlying 'conduct that constitutes a criminal offense' and the level of severity were not established," in violation of case law and rule 11 of the Utah Rules of Criminal Procedure.

¶5      This is exactly the type of argument that Utah courts have determined is not permissible under rule 22(e). *See Candedo*, 2010 UT 32, ¶ 9. In support of his claim of an illegal sentence, Defendant attacks the plea affidavit, the plea colloquy, and the district court's adherence to rule 11 prior to sentencing. These complaints regarding the district court's conduct during the plea process do not establish that the sentence was "manifestly" or "patently" illegal, i.e., that the sentencing court was without jurisdiction or exceeded the permitted statutory range in imposing sentence. *See Thorkelson*, 2004 UT App 9, ¶ 15. Nor does Defendant demonstrate that the sentence imposed is ambiguous, contradictory, incomplete, uncertain, or unauthorized by the judgment. *See Yazzie*, 2009 UT 14, ¶ 13. Rather, his complaints focus exclusively on the validity of his plea and resulting conviction.

¶6      Defendant's complaints about presentencing irregularities are the "ordinary or 'run-of-the-mill' errors regularly reviewed on

appeal," rather than the errors in sentencing that rule 22(e) is designed to address. *See Thorkelson*, 2004 UT App 9, ¶ 15. *See also* Utah R. Crim. P. 22(e). Indeed, it is telling that none of the cases cited by Defendant in support of his rule 22(e) argument involved rule 22(e). *See, e.g., State v. Moa*, 2009 UT App 231, 220 P.3d 162; *State v. Alexander*, 2009 UT App 188, 214 P.3d 889; *State v. Lehi*, 2003 UT App 212, 73 P.3d 985. All of these cases found error in the underlying convictions or pleas; none dealt with the resulting sentence, much less with setting a sentence aside as illegal. *See, e.g., Moa*, 2009 UT App 231, ¶ 15 (holding that inconsistencies in the plea affidavit and colloquy constituted error); *Alexander*, 2009 UT App 188, ¶ 14 (holding that the defendant did not sufficiently understand the elements of the crime to which he pled guilty); *Lehi*, 2003 UT App 212, ¶ 17 (holding that failure by the trial court to strictly adhere to rule 11 justified withdrawal of plea). Insofar as Defendant's claims are supported by facts relating only to the plea process, they are merely a "veiled attempt to challenge the underlying conviction by challenging the sentence," and this court is barred from considering them. *Candedo*, 2010 UT 32, ¶ 9. *See State v. Telford*, 2002 UT 51, ¶ 7, 48 P.3d 228; *Thorkelson*, 2004 UT App 9, ¶¶ 15, 17.

¶7 Defendant next argues that his sentence was illegal because it exceeded the maximum penalty permitted by statute. Defendant pled guilty to obstruction of justice, a second degree felony given the underlying conduct. *See* Utah Code Ann. § 76-8-306(1) (LexisNexis 2008). However, the amended information, which was the focus of the plea colloquy, was reviewed by Defendant, and was incorporated into the plea agreement, clearly stated that the offense was subject to an in-concert enhancement under section 76-3-203.1, elevating Defendant's crime to a first degree felony. *See id.* § 76-3-203.1(3). Defendant was then sentenced to five years to life—a sentence permissible under Utah law for a first degree felony conviction. *See id.* § 76-3-203(1) (LexisNexis 2012). Defendant pled guilty to an offense subject to enhancement, signed a plea agreement clearly identifying his crime as a first degree felony, and

received a sentence appropriate for a first degree felony conviction. We therefore see no illegality in Defendant's sentence.

¶8 Defendant also contends that there was insufficient evidence to support the enhancement, that it was never referenced during the plea hearings, and that he never admitted to the elements required for the enhancement in any way, including in the signed plea affidavit. But all of these arguments go to the adequacy of the plea hearing, the voluntariness of his plea, and the propriety of the resulting conviction—not to whether Defendant's sentence was within the range permitted by statute based on the first degree felony to which he pled guilty. Defendant's arguments concern the types of errors that should have been the subject of a motion to withdraw his guilty plea and an appeal from any denial of such a motion; they are not appropriate grounds for invalidating his sentence as illegal. Accordingly, Defendant's appeal is unavailing.

————