2005 UT 28

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Liza Victoria CORWELL and Rebecca Champneys, Defendants and Respondent.**

No. 20030667.

Supreme Court of Utah.

April 22, 2005.

Mark L. Shurtleff, Att'y Gen., Kenneth A. Bronston, Asst. Att'y Gen., Lana Taylor, Salt Lake City, for petitioner.

Patrick L. Anderson, Kent R. Hart, Salt Lake City, for respondent.

PARRISH, Justice:

¶ 1 Defendant Liza Corwell entered a conditional guilty plea to attempted tampering with evidence. She subsequently moved to withdraw her plea, claiming that the district court had not strictly complied with rule 11(e) of the Utah Rules of Criminal Procedure, which governs the entry of guilty pleas. The district court denied Corwell's motion. The court of appeals reversed, holding that the district court failed to strictly comply with rule 11(e) because it had not adequately discussed Corwell's right to a "speedy trial" and had not specifically delineated the limits that would be placed on her right of appeal if she pleaded guilty. We hold that the court of appeals erred by taking an unnecessarily narrow view of the strict compliance requirement. Accordingly, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In March of 2001, narcotics detectives investigated a tip that Corwell and a companion, Rebecca Champneys, were engaged in illegal drug activities at a motel in Salt Lake City, Utah. After arriving at the scene, knocking on the door, and identifying themselves as police officers, the detectives observed through the window that both Corwell and Champneys were attempting to conceal items within the motel room. As a result of their observations, the detectives forced open the motel room door and conducted a search, which ultimately revealed that both Corwell and Champneys were in possession of controlled substances and drug paraphernalia. Consequently, both Corwell and Champneys were arrested.

¶ 3 On April 4, 2001, Corwell and Champneys were charged with tampering with evidence, a second degree felony; unlawful possession of a controlled substance, a third degree felony; and unlawful possession of drug paraphernalia, a class B misdemeanor. Corwell and Champneys filed motions to suppress the evidence obtained from the search. The district court denied the motions and scheduled trial for Monday, December 10, 2001, with a joint pretrial conference to be

held the preceding Friday, December 7, 2001. At the pretrial conference, Corwell and Champneys each entered a conditional plea of guilty to attempted tampering with evidence, a third degree felony, specifically reserving their rights to appeal the denial of their motions to suppress pursuant to *State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988). In exchange for their conditional guilty pleas, the original charges were dismissed.

¶ 4 In conjunction with entering her guilty plea, Corwell signed a plea affidavit stating that she understood both the nature and elements of the crime to which she was pleading guilty and the effect such a plea would have on her constitutional rights. Specifically, the plea affidavit contained a clause stating, "I know that I have a right to a trial in open court by an impartial jury, and that I am giving up that right by pleading guilty." The affidavit also contained the following clause pertaining to Corwell's right to appeal:

> I know that under the Constitution of Utah that if I were tried and convicted by a jury or by the Judge that I would have the right to appeal my conviction and sentence to the Utah Court of Appeals or, where allowed, the Utah Supreme Court, and that if I could not afford to pay the costs for such appeal, those costs would be paid by the State. I understand that I am giving up these rights if I plead guilty.

Corwell's counsel indicated on the record that he had reviewed the plea statement with Corwell and that he believed she understood the statements contained therein.

¶ 5 Prior to accepting Corwell's guilty plea, the district court conducted a plea colloquy. It began by asking Corwell if she had had sufficient time to review the plea affidavit and if she understood that document. Corwell answered both questions in the affirmative. It then asked Corwell if she understood "the importance of the rights that [she would] give up by pleading guilty." Al-

though the record indicates that Corwell's response to this question was inaudible, the fact that the district court continued the plea colloquy without interruption suggests that Corwell responded in the affirmative. The colloquy then proceeded with the following exchange between the district court and both defendants:

> THE COURT: Now, if you give up your right to have a trial which is scheduled next Monday, do you both understand that you give up an [sic] important and significant constitutional and statutory rights as outlined in the paper you both read? Do you both understand that?
>
> DEFENDANT CHAMPNEYS: (Nods head in the affirmative).
>
> DEFENDANT CORWELL: (Nods head in the affirmative).
>
> THE COURT: I want you also to understand that some of those rights I want to talk with you about today, just to make sure that I'm satisfied you're clear. If you plead guilty, there's no trial next Monday. Do you understand that?
>
> DEFENDANT CHAMPNEYS: (Nods head in the affirmative).
>
> DEFENDANT CORWELL: (Nods head in the affirmative).
>
> THE COURT: Do you want to give up your right to have a trial next Monday?
>
> DEFENDANT CHAMPNEYS: (Nods head in the affirmative).
>
> DEFENDANT CORWELL: (Nods head in the affirmative).

¶ 6 Prior to this exchange, counsel for Champneys, Corwell's codefendant, had informed the district court that both Corwell and Champneys would enter conditional guilty pleas to attempted tampering with evidence, reserving their right to appeal the denial of their motion to suppress pursuant to the rule enunciated in *Sery*, 758 P.2d at 939.[1] The district court later explained, "Which, so everybody is clear on that, means

---

1. In *Sery*, the defendant entered a plea of no contest to the charges against him but conditioned entry of the plea upon his right to appeal the district court's denial of his motion to suppress certain evidence. 758 P.2d at 937. The State asserted that the defendant had waived the right to appeal all pretrial rulings by pleading no

contest. *Id.* The court of appeals upheld the defendant's right to appeal the denial of his suppression motion, holding that the use of such conditional pleas by criminal defendants, if agreed to by the prosecution and accepted by the trial court, is a "sensible and sound practice." *Id.* at 938–39.

you can appeal it." Counsel responded, "That's correct."

¶ 7 Immediately before accepting Corwell's guilty plea, the district court asked both defendants if they had any questions or were unclear about any of the rights they would give up if they pleaded guilty. Defendants did not raise any questions. The district court then asked defense counsel for both defendants if they had any other questions they would like the court to ask their clients pursuant to rule 11. Corwell's counsel stated, "I have nothing, Your Honor." Expressing its belief that Corwell's guilty plea was entered knowingly and voluntarily, the district court accepted it.

¶ 8 On March 29, 2002, the district court sentenced Corwell. On April 26, 2002, Corwell filed a notice to appeal her final judgment, and three days later, on April 29, 2002, Corwell filed a motion to vacate her conviction and withdraw her plea. The court of appeals stayed Corwell's appeal and temporarily remanded the case to the district court to rule on Corwell's motion to vacate. The district court denied the motion, holding that the plea colloquy and statement properly demonstrated that Corwell had knowingly and voluntarily entered her guilty plea.

¶ 9 The court of appeals reversed. It held that the district court had failed to strictly comply with the requirements of rule 11(e) when it failed to discuss Corwell's right to a "speedy" trial and when it failed to inform her of the specific limitations on her right to appeal. *State v. Corwell*, 2003 UT App 261, ¶¶ 11, 20, 74 P.3d 1171. The State petitioned for certiorari, which this court granted. We have jurisdiction pursuant to Utah Code section 78–2–2(3)(a) (2002).

## STANDARD OF REVIEW

¶ 10 "On certiorari, we review the decision of the court of appeals, not the decision of the [district] court." *State v. Harmon*, 910 P.2d 1196, 1199 (Utah 1995). We must determine "whether that court accurately reviewed the [district] court's decision under the appropriate standard of review." *State v. Visser*, 2000 UT 88, ¶ 9, 22 P.3d 1242. The question of "[w]hether the

[district] court strictly complied with rule 11 is a question of law, reviewed for correctness." *Id.*

## ANALYSIS

¶ 11 Rule 11 of the Utah Rules of Criminal Procedure governs the entry of guilty pleas. It provides, in part, that a district court may not accept a guilty plea unless the court finds that the defendant has voluntarily entered the plea, knows of "the right to a speedy public trial before an impartial jury," and "has been advised that the right of appeal is limited." Utah R.Crim. P. 11(e)(2), (e)(3), (e)(8). "[T]he substantive goal of rule 11 is to ensure that defendants know of their rights and thereby understand the basic consequences of their decision to plead guilty." *Visser*, 2000 UT 88 at ¶ 11, 22 P.3d 1242. To accomplish this goal, we have placed the burden of complying with rule 11(e) on the district courts, requiring them to "personally establish that the defendant's guilty plea is truly knowing and voluntary and establish on the record that the defendant knowingly waived his or her constitutional rights." *Id.* (internal quotations omitted). We have described this burden "as a duty of 'strict' compliance." *Id.*

¶ 12 Although the phrase might suggest otherwise, strict compliance with rule 11(e) does not require that a district court follow a "particular script" or any other "specific method of communicating the rights enumerated by rule 11." *Id.* at ¶ 13. To the contrary, "strict compliance can be accomplished by multiple means so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled." *State v. Maguire*, 830 P.2d 216, 218 (Utah 1991). Indeed, rule 11 itself contemplates that the district court may base its findings on either the "questioning of the defendant on the record or, if used," a plea affidavit, "after the court has established that the defendant has read, understood, and acknowledged the contents of the statement." Utah R.Crim. P. 11(e). Additionally, we have held that the district court may also base its required findings on the "contents of other documents such as the information, presentence reports, [and] ex-

hibits." *Visser*, 2000 UT 88 at ¶ 12, 22 P.3d 1242 (internal quotations omitted). Moreover, the district court may consider other factors in the record, including the defendant's "personal trial experience." *Id.* at ¶ 13. Because strict compliance may be accomplished through a variety of means, the question of whether a defendant was provided with a sufficient understanding of rule 11(e) rights "necessarily turn[s] on the facts of each case." *Maguire*, 830 P.2d at 218 (internal quotations omitted).

¶ 13 The court of appeals held that the district court failed to fulfill its duty to strictly comply with the requirements of rule 11(e) in two ways. First, it concluded that the district court did not comply with rule 11(e)(3) because the district court's "mere mention of an imminent trial date [was] not sufficient to satisfy rule 11's requirement that a defendant be apprised of the right to a speedy trial." *Corwell*, 2003 UT App 261 at ¶ 15, 74 P.3d 1171. Second, it held that the district court did not comply with rule 11(e)(8) because, rather than explaining the parameters of Corwell's limited right to appeal, it "merely informed Corwell that she could appeal the denial of her motion to suppress," *id.* at ¶ 17. We address each of these issues in turn.

## I. RIGHT TO A SPEEDY TRIAL

¶ 14 Rule 11(e) provides that a district court may not accept the guilty plea of a defendant until the court has found, among other things, that "the defendant knows of the right . . . to a speedy public trial." Utah R.Crim. P. 11(e)(3). In *Visser*, when faced with the question of whether the district court strictly complied with rule 11(e), we concluded that recitation of the phrase "speedy trial" was not necessary to properly communicate the concept of a speedy trial to the defendant. 2000 UT 88 at ¶¶ 13–14, 22 P.3d 1242. In so doing, we rejected the notion that rule 11(e) rights must be mechanically recited to the defendant and instead reemphasized that the concepts found in rule 11(e) may be communicated to the defendant using a variety of means. *Id.*

¶ 15 In *Visser*, the defendant indicated that he wished to enter a guilty plea after his trial

began. *Id.* at ¶ 3. In response, the district court conducted a plea colloquy. Although it informed Visser that he had "a right to continue [his] trial through to a jury verdict," the district court did not specifically recite the phrase "speedy trial." *Id.* at ¶ 4. After completing the colloquy, the district court accepted Visser's guilty plea. *Id.* at ¶ 5. The day after his plea was entered, however, Visser moved to withdraw it. *Id.* at ¶ 6. The district court denied Visser's motion. *Id.* Reversing that denial, the court of appeals held that the district court failed to strictly comply with rule 11(e) because it did not "specifically inform defendant . . . of his right to a speedy trial before an impartial jury." *State v. Visser*, 1999 UT App 19, ¶¶ 17–18, 973 P.2d 998. We reversed the court of appeals, holding that Visser's trial experience prior to entering his guilty plea "communicated at least as much as would the mere oral recitation of the 'right to a speedy public trial before an impartial jury.'" *Visser*, 2000 UT 88 at ¶ 13, 22 P.3d 1242 (citation omitted).

¶ 16 Here, the court of appeals declined to apply *Visser* in view of its conclusion that this case "presents a scenario significantly different from that presented in *Visser*." *Corwell*, 2003 UT App 261 at ¶ 15, 74 P.3d 1171. In distinguishing the two cases, the court of appeals specifically relied on the fact that this case involves a pretrial plea, whereas *Visser* involved the entry of a guilty plea after trial had already begun. *Id.* While this distinction is accurate, it is not determinative.

¶ 17 In *Visser*, we held that the concepts embodied in rule 11(e) must be communicated to the defendant before entering a guilty plea. 2000 UT 88 at ¶¶ 10–11, 22 P.3d 1242. We recognized, however, that those concepts may be communicated to the defendant in a variety of ways. *Id.* at ¶ 13. We have encouraged district courts to use, when appropriate, the safe harbor phrases of rule 11(e) because they provide a defendant with an understanding of his rights and "discourage . . . post-conviction attacks." *State v. Gibbons*, 740 P.2d 1309, 1314 (Utah 1987). Nevertheless, the particular phrases contained in rule 11(e) are not the exclusive means of communicating the concepts they

embody.[2] Indeed, in some situations, a different means of communicating the rule 11(e) concepts may provide a defendant with a greater appreciation of his rights than would the language of the rule itself. In such instances, we do not discourage modification of the phrases to fit a defendant's particular circumstances and, in fact, encourage any modification of the rule 11(e) language that gives the defendant a more concrete and meaningful understanding of his rights.

¶ 18 Our goal in requiring strict compliance with rule 11(e) is to ensure that defendants understand their rights and the consequences of pleading guilty. *See Visser,* 2000 UT 88 at ¶ 11, 22 P.3d 1242. We do not want to "overshadow[ ] or undermine[ ] [that goal] by [requiring adherence to] formalistic ritual." *Id.* Therefore, we hold that the test of whether a district court strictly complies with rule 11(e) is not whether the court recites the phrases found in that rule. Rather, the test is whether the record adequately supports the district court's conclusion that the defendant had a conceptual understanding of each of the elements of rule 11(e).

¶ 19 The record in this case supports the district court's finding that Corwell had an adequate conceptual understanding of her right to a speedy trial. In light of the fact that Corwell's trial was scheduled to begin just one business day after the day on which she entered her plea, the district court's repeated warning that Corwell's decision to plead guilty would result in her giving up her "trial next Monday" communicated as much, if not more, about the timing of Corwell's trial than would its use of the generic and abstract phrase "speedy trial." As we held in *Visser,* "the [district] court's modification of the colloquy to fit the peculiar circumstances of the case fulfilled the court's duty to 'personally establish that the defendant's guilty plea [was] truly knowing and voluntary.'" *Id.* at ¶ 15 (quoting *State v. Abeyta,* 852 P.2d 993, 995 (Utah 1993) (second alteration in original)). We therefore hold that the court of appeals erred in concluding that Corwell was not properly informed of her right to a speedy trial.

## II. LIMITED RIGHT OF APPEAL

¶ 20 Before accepting a plea, rule 11(e) also requires the district court to find that "the defendant has been advised that the right of appeal is limited." Utah R.Crim. P. 11(e)(8). Corwell contends that this language requires the district court to explain the "numerous ... appeal issues that she [would] waive[ ] by pleading guilty." We disagree. Nothing in rule 11(e) requires a detailed explanation of how a guilty plea may affect the particular grounds for appeal. Just as we have held that the district court is not required to "separately communicate[ ]" the "individual aspects of the speedy trial right," *Visser,* 2000 UT 88 at ¶ 14, 22 P.3d 1242, we similarly hold that the district court is not required to separately communicate the individual aspects of a defendant's limited right of appeal.

¶ 21 To conclude that the district court strictly complied with rule 11(e), we must determine that the record supports the district court's finding that Corwell was informed of her limited right of appeal. Although the district court did not discuss the limited right of appeal with Corwell during the plea colloquy, Corwell's plea affidavit adequately described the limits on her right of appeal when it informed her that she would waive her right to appeal her conviction if she pleaded guilty. The district court properly incorporated this affidavit into the record when it questioned Corwell as to whether she had sufficient time to read the affidavit and whether she understood her rights as explained in that document.[3] We accordingly

---

**2.** *See, e.g., State v. Dean,* 2004 UT 63, ¶ 12, 95 P.3d 276 ("[A]ppellate review of the trial court's denial of a defendant's motion to withdraw may also consider the facts and circumstances in which the plea was taken."); *accord State v. Hittle,* 2004 UT 46, 94 P.3d 268. Although *Dean* and *Hittle* were reviewed under a plain error analysis, our discussion of the "strict compliance" requirement in those cases is consistent

with our holding today. *See Dean,* 2004 UT 63 at ¶¶ 18–20, 95 P.3d 276.

**3.** The fact that Corwell understood her limited right of appeal is also evidenced by her counsel's representation to the court that he had reviewed the plea affidavit with Corwell and that Corwell understood the statements contained therein. That representation is consistent with the fact

hold that the record supports the district court's conclusion that Corwell was informed of her limited right of appeal. *See Maguire*, 830 P.2d at 217 (holding that a plea affidavit "can be incorporated into the record" if the district court "conduct[s] an inquiry to establish that the defendant understands the affidavit and voluntarily signed it" (internal quotations omitted)). The court of appeals therefore erred when it held to the contrary.

## CONCLUSION

¶ 22 The court of appeals erred when it concluded that the district court did not strictly comply with the requirements of rule 11(e). The district court fully satisfied the demands of strict compliance when it adequately informed Corwell of her right to a speedy trial, using a modified phrase to fit Corwell's particular circumstances, and it properly incorporated into the record the plea affidavit, which informed Corwell of her limited right of appeal. Accordingly, we reverse.

¶ 23 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH's opinion.

that Corwell had decided to enter a conditional plea pursuant to *State v. Sery*, 758 P.2d at 938–39, and that such a decision would have required a discussion between Corwell and her trial counsel with respect to her ability to appeal the denial of her motion to suppress. Indeed, just prior to the plea colloquy, trial counsel for Corwell's co-defendant informed the district court that defendants were going to plead guilty under *Sery*, reserving their right to appeal the denial of their motions to suppress. The court, providing clarification, responded by stating that a *Sery* plea, "so everybody is clear on that, means you can appeal it." This statement, informing defendants that they could appeal the denial of their motions to suppress, is consistent with the fact that their rights to appeal were otherwise limited.