2013 UT App 101

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
*Plaintiff and Appellee,*
*v.*
DIKE WILLIAMS,
*Defendant and Appellant.*

Memorandum Decision
No. 20110525-CA
Filed April 25, 2013

Third District, Salt Lake Department
The Honorable Randall N. Skanchy
No. 041906672

Ronald Fujino, Attorney for Appellant
John E. Swallow and John J. Nielsen, Attorneys for
Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision,
in which JUDGES CAROLYN B. MCHUGH and STEPHEN L. ROTH
concurred.

DAVIS, Judge:

¶1 Dike Williams appeals his convictions of three counts of securities fraud, second degree felonies, *see* Utah Code Ann. §§ 61-1-1, -21(2)(b) (LexisNexis 2011), and the related order of restitution. We affirm Williams's convictions but remand for modification of the restitution order as set forth herein.

¶2 Williams challenges the trial court's admission of parol evidence, the jury instructions defining a "material fact" for purposes of the charges in this case, his trial counsel's investigation and presentation of his case, the prosecution's use and the trial court's admission of evidence relating to a $250,000 investment that

was not the subject of the current charges, the trial court's refusal to grant his counsel's motion to withdraw, and the trial court's order of restitution. To the extent that these challenges were not preserved in the trial court, Williams asks that we review them under the doctrines of plain error and ineffective assistance of counsel. *See generally State v. Cram*, 2002 UT 37, ¶ 4, 46 P.3d 230 (listing plain error, exceptional circumstances, and ineffective assistance of counsel as exceptions to the preservation rule). To prevail on grounds of plain error, an appellant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). In order to prevail on grounds of ineffective assistance, a defendant must demonstrate, first, "that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment," and second, "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Due, at least in part, to inadequate briefing, Williams has largely failed to meet his burden to demonstrate plain error or ineffective assistance with respect to the issues he raises.

## I. Parol Evidence

¶3     First, Williams's argument regarding the admissibility of parol evidence assumes, without discussion, that the parol evidence rule applies in the context of this criminal proceeding.[1] The only authority he cites in support of this assertion is a civil case discussing the parol evidence rule, which explicitly observes that

---

1. We are aware of no cases, and Williams directs us to none, that have excluded parol evidence in the context of a criminal proceeding. Nonetheless, we are not prepared to adopt the State's position that the parol evidence rule could never apply in the criminal context. That is a question for another day.

"[p]arol evidence is admissible to prove that a party was induced into a contract by fraud." *Cantamar, LLC v. Champagne*, 2006 UT App 321, ¶ 21, 142 P.3d 140 (alteration in original) (citation and internal quotation marks omitted). Williams engages in no discussion explaining why parol evidence should have been excluded in this case, where it was not admitted to prove or contradict the contents of the writing[2] but to prove that Williams engaged in securities fraud. Further, he does not discuss how the trial court's failure to exclude the evidence constituted plain error or how trial counsel's failure to object to it constituted ineffective assistance. *See generally State v. King*, 2006 UT 3, ¶ 21, 131 P.3d 202 ("To prevail under plain error review, a defendant must demonstrate . . . that an error did in fact occur." (citation and internal quotation marks omitted)); *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546 ("Failure to raise futile objections does not constitute ineffective assistance of counsel."). He does not discuss whether the error was obvious—indeed, given the apparent lack of authority regarding the applicability of the parol evidence rule in

---

2. Williams initially alludes to the role of this evidence in proving that the transaction was actually a security as opposed to some other type of transaction. He also asserts at one point that the parol evidence was used "to suggest a contrary set of facts in order to nullify the written terms by which the parties had agreed to be bound." However, it is unclear from Williams's argument how the evidence was used to contradict the terms of the written agreements or how its admission could have improperly affected the outcome of his case. Rather, his argument appears to attack the court's admission of the evidence for any purpose simply because it was extraneous to the written agreements, and to assert that the jury's consideration of the securities fraud charge should have been based entirely on "the plain language within the four corners of the written materials." Because Williams has not identified the specific improper purposes the parol evidence might have served, we cannot separately analyze any such alleged purposes or determine whether it might have been necessary for the court to limit the evidence or its use in any way.

the criminal context, we fail to see how it could have been obvious. *See generally State v. Beck*, 2007 UT 60, ¶ 11, 165 P.3d 1225 ("Under plain error analytic dictates, the error must . . . have been obvious to the trial court. To show obviousness of the error, the defendant must show that the law governing the error was clear at the time the alleged error was made." (citation and internal quotation marks omitted)). Williams also neglects to discuss whether counsel's failure to object could have been considered a sound trial strategy. *See generally Strickland*, 466 U.S. at 689 (explaining that in evaluating counsel's effectiveness, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" (citation and internal quotation marks omitted)). Thus, we decline to consider this argument further.[3]

## II. Jury Instructions

¶4    Williams next challenges the jury instructions under plain error and ineffective assistance standards of review. The securities fraud statute provides,

> It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly to:
> . . .

---

3. In his discussion of parol evidence, Williams also makes cursory reference to collateral character evidence, which he argues his counsel should have objected to as "irrelevant and prejudicial." For the most part, he lumps this evidence in with the rest of the "parol evidence" in his discussion and fails to articulate any separate argument regarding his counsel's failure to object to it. Thus, we do not consider this argument. *See generally State v. Thomas*, 961 P.2d 299, 304 (Utah 1998) ("It is well established that a reviewing court will not address arguments that are not adequately briefed.").

> (2) make any untrue statement of a material
> fact or to omit to state a material fact necessary in
> order to make the statements made, in the light of the
> circumstances under which they are made, not
> misleading; or
> (3) engage in any act, practice, or course of
> business which operates or would operate as a fraud
> or deceit upon any person.

Utah Code Ann. § 61-1-1. The jury instructions employed this language essentially word for word. The instructions then directed the jury to consider the standard definition of a "material fact"—"something which a buyer of ordinary intelligence and prudence would think to be of importance in determining whether to buy or sell a security." *See generally S&F Supply Co. v. Hunter*, 527 P.2d 217, 221 (Utah 1974) (defining a material fact for purposes of securities fraud).

¶5     Williams asserts that these instructions were erroneous because the investors involved in this case were accredited and had greater business acumen than a "buyer of ordinary intelligence and prudence," *see id.* Accordingly, he asserts that the jury instructions should have defined a material fact as something that "a sophisticated person with 'business and investment acumen' would find important in determining whether or not to make [an] investment." However, Williams does not explain what facts material to an investor of ordinary intelligence and prudence would not be material to a more sophisticated investor and, once again, provides no authority in support of his assertion that the definition of material fact should differ as concerns these two types of investors. Further, he fails to identify any misrepresentations on which the prosecution relied that would not have been considered material to a more sophisticated investor, as opposed to one of ordinary intelligence and prudence. Thus, Williams has not established how he could have been prejudiced by the jury instructions, even assuming that they were erroneous or that

counsel was ineffective for failing to object to them. *See generally Litherland*, 2000 UT 76, ¶ 19 (identifying prejudice as an element of ineffective assistance); *Dunn*, 850 P.2d at 1208 (stating that a defendant must demonstrate harm in order to achieve reversal on plain error grounds).

## III. Counsel's Trial Strategy

¶6      In connection with his jury instructions argument, Williams asserts that his counsel was ineffective for failing to put on certain evidence. This argument is inadequately briefed. *See* Utah R. App. P. 24(a)(9) (outlining the elements of an adequately briefed argument). *See generally State v. Thomas*, 961 P.2d 299, 304 (Utah 1998) ("It is well established that a reviewing court will not address arguments that are not adequately briefed."). Williams addresses this issue in a single paragraph and essentially asserts that his counsel eschewed "relevant defense 'strategies' [that] were readily available to him in the court record." According to Williams, "counsel did not investigate Mr. Williams' position, he did not call defense witnesses at trial, and his cross-examination was wholly inadequate." He further asserts that "[a]ll counsel had to do was review the court file and he would have had a myriad of witnesses and documents to present to the jury." However, other than to briefly quote statements from his pretrial pleadings, without analysis, Williams fails to suggest what specific strategies his counsel should have pursued, what the purported witnesses and documents might have revealed, or how an alternative strategy or additional evidence could have affected the outcome of his case.

## IV. Admissibility of the $250,000 Evidence

¶7      Williams has also not adequately briefed his prosecutorial misconduct, plain error, and ineffective assistance arguments relating to the admissibility of evidence regarding a $250,000 investment that Richard Urdahl, one of the three investors he defrauded, had previously given him. He asserts that this evidence

was inadmissible because the statute of limitations had run on any potential fraud charges relating to the $250,000 investment,[4] because the State's ability to use the evidence at trial was limited by the magistrate's statement at the preliminary hearing that he would receive the evidence only for background purposes and "only for the preliminary hearing,"[5] and because the evidence was unduly prejudicial under rule 403 of the Utah Rules of Evidence.[6] Each of these arguments is discussed only cursorily, with little if any supporting authority. Further, even assuming that these assertions, if true, could demonstrate error, Williams has failed to explain how the admission of this evidence prejudiced him. *See generally State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92; *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993).

## V. Motion to Withdraw

¶8      Williams next asserts that the trial court erred by denying his counsel's motion to withdraw. Williams allegedly informed his attorney that he "d[id] not want [him] as his lawyer anymore" and

---

4. Williams cites no authority in support of this assertion and, as the State thoroughly demonstrated in its brief, there is significant authority suggesting that statutes of limitations do not affect the admissibility of evidence. *See, e.g., United States v. Haskins*, 737 F.2d 844, 847–48 (10th Cir. 1984); *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir. 1975) ("The statute of limitations is a defense to prosecution, not a rule of evidence."); *Commonwealth v. Dunkle*, 602 A.2d 830, 838–39 (Pa. 1992).

5. As with his statute of limitations argument, Williams cites no authority to suggest that the magistrate's statement may have constituted a binding evidentiary ruling applicable to the trial.

6. Williams's rule 403 argument consists entirely of his bare assertion that the "probative value [of the $250,000 investment evidence] was substantially outweighed by the parameters of Rule 403" and his cursory citation of rule 403 and two cases.

then failed to appear at trial. In Williams's absence, his attorney moved to withdraw and the court denied the motion. The court's denial was based on the fact that Williams was not present and that the motion was not made until the day of trial. The court also observed that Williams had a history of employing dilatory tactics, which included filing numerous pro se motions, going through five attorneys, failing to appear for a previously scheduled trial, and fleeing the state. Williams asserts that the court violated his Sixth Amendment right to counsel by denying counsel's motion to withdraw. A trial court's ruling on a motion to withdraw is discretionary, but the court abuses its discretion if its denial of the motion violates the defendant's constitutional right to counsel. *State v. Wadsworth*, 2012 UT App 175, ¶ 2, 282 P.3d 1037 (mem.).

¶9      Williams primarily contends that the trial court improperly focused on his absence from the trial rather than the merits of the motion. However, the Utah Rules of Criminal Procedure explicitly require a defendant's presence when a motion to withdraw is made unless the court orders otherwise. Utah R. Crim. P. 36(a)(2) ("A motion to withdraw as an attorney in a criminal case shall be made in open court with the defendant present unless otherwise ordered by the court."). Thus, Williams's absence alone could have justified the court in denying the motion. *See id.*; *cf. State v. Pando*, 2005 UT App 384, ¶ 26, 122 P.3d 672 (affirming the trial court's denial of a motion to withdraw made by court-appointed counsel where the defendant did not appear, explaining that the defendant "was obligated to appear and explain to the trial court specifically why he wanted the court to allow his counsel to withdraw"). Furthermore, because "'[a] defendant's right to retain counsel of his choice . . . may not be insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *see State v. Barber*, 2009 UT App 91, ¶ 42, 206 P.3d 1223 (omission in original) (quoting *United States v. Collins*, 920 F.2d 619, 625 (10th Cir. 1990)), the denial was also justified by the fact that the motion was not made until the morning of trial and was part of a series of tactics employed by Williams to delay the court proceedings, *cf. Wadsworth*, 2012 UT App 175, ¶ 10 (determining that the trial court did not violate a

defendant's right to counsel of his choice by requiring substitute counsel to make an appearance before permitting the defendant's hired counsel to withdraw so that the trial would not be delayed).[7]

## VI. Restitution

¶10   Finally, Williams challenges the trial court's restitution award, which ordered him to repay sums associated with the earlier $250,000 investment in addition to sums associated with the charges in this case. The State concedes that the portion of the restitution award stemming from the $250,000 investment was improper because Williams was not "convicted of criminal activity" and did not admit any wrongdoing in connection with that investment. *See* Utah Code Ann. § 76-3-201(4)(a) (LexisNexis 2012); *id.* 77-38A-302(1), (5)(a). We therefore find it necessary to remand for the trial court to modify the June 10, 2011 Order of Restitution accordingly.

¶11   Because we reject Williams's various arguments relating to alleged errors at trial, we affirm his convictions. However, we remand for the trial court to recalculate the amount of restitution owed to Urdahl, so as to limit restitution to pecuniary loss associated with the charges on which Williams was actually convicted.

————————

7. Williams also appears to contest the court's decision to proceed with the trial in his absence, particularly in light of his apparent dissatisfaction with his attorney. However, he asserts no distinct argument in support of this assertion, so to the extent it may be construed as an issue separate from that of whether the trial court erred in denying the motion to withdraw, we do not consider it.