2014 UT App 65

**STATE of Utah, Plaintiff and Appellee,**

v.

**Troy D. STOLFUS, Defendant and Appellant.**

**No. 20130321–CA.**

Court of Appeals of Utah.

March 20, 2014.

Judge JAMES Z. DAVIS authored this Memorandum Decision, in which Judge GREGORY K. ORME and Senior Judge PAMELA T. GREENWOOD concurred.[1]

Memorandum Decision

DAVIS, Judge:

 ¶ 1 Troy D. Stolfus entered an *Alford* plea to third degree felony criminal mischief and timely moved to withdraw his plea on the grounds that he did not enter the plea knowingly or voluntarily due to the ineffectiveness of his trial counsel combined with his mistaken belief that he could unconditionally withdraw his plea within thirty days of entering it.[2] The trial court denied the motion, and Stolfus now appeals. We affirm.

 ¶ 2 A guilty plea "may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77–13–6(2)(a) (LexisNexis 2012). "A plea is not knowing and voluntary when the record demonstrates that 'the accused does not understand the nature of the constitutional protections that he is waiving, or [when] he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" *State v. Alexander*, 2012 UT 27, ¶ 16, 279 P.3d 371 (alteration in original) (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). "We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion ... [and] will disturb the findings of fact made by the district court in resolving that motion to withdraw a guilty plea only if they are clearly erroneous." *State v. Knowlden*, 2013. UT App 63, ¶ 2, 298 P.3d 691 (per curiam) (citations and internal quotation marks omitted).

Samuel P. Newton, for Appellant.

Sean D. Reyes and Michelle I. Young, for Appellee.

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. "By entering an *Alford* plea, a defendant does not admit guilt. Rather, the defendant enters a guilty plea because he recognizes that a prosecutor has enough evidence to obtain a guilty verdict." *State v. Ott*, 2010 UT 1, ¶ 9 n. 2, 247 P.3d 344 (citing *North Carolina v. Alford*, 400 U.S. 25, 28, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)); *see also United States v. Buonocore*, 416 F.3d 1124, 1129 (10th Cir.2005) (explaining that an *Alford* plea is a guilty plea "accompanied by protestations of innocence" and can be accepted by a court "when there is a strong factual basis for the plea," similar to a plea of nolo contendere (citing *Alford*, 400 U.S. at 28–29, 38, 91 S.Ct. 160)).

¶ 3 To succeed on his claim that his plea was not voluntarily or knowingly entered in light of having received ineffective assistance of counsel, Stolfus must demonstrate "that (1) trial counsel rendered deficient performance [that] fell below an objective standard of reasonable professional judgment[ ] and (2) counsel's deficient performance prejudiced [him]." *See State v. Person*, 2006 UT App 288, ¶ 13, 140 P.3d 584 (second alteration in original) (citation and internal quotation marks omitted). The prejudice prong of an ineffective assistance claim raised in the context of a guilty plea requires a defendant to establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"); *accord United States v. Kramer*, 168 F.3d 1196, 1201 (10th Cir.1999); *see also Person*, 2006 UT App 288, ¶ 13, 140 P.3d 584 (describing the prejudice prong in an ineffective assistance analysis as generally requiring a defendant to "identify specific acts or omissions that fell outside the wide range of professional assistance and [to] illustrate that, absent those acts or omissions, there is a reasonable probability of a more favorable result," which amounts to "a probability sufficient to undermine confidence in the outcome" (citation and internal quotation marks omitted)).

¶ 4 Stolfus was charged with criminal mischief for breaking a wrought-iron handrail attached to a house. The State estimated that Stolfus caused $1,654 of damage to the building, which rendered the offense a third degree felony. Stolfus maintained that the damage was no more than $500, placing the offense in the realm of a class B misdemeanor. *See* Utah Code Ann. § 76–6–106(3)(b)(ii), (iv) (LexisNexis 2012) (characterizing criminal mischief as a third degree felony when "the actor's conduct causes or is intended to cause pecuniary loss equal to or in excess of $1,500 but is less than $5,000 in value" and as a class B misdemeanor when the "pecuniary loss [is] less than $500 in value"). Stolfus contends that his trial counsel ignored his requests to separately investigate the State's damages estimate and ignored his assertions that he believed the State's estimate to be grossly inflated.

¶ 5 For support, Stolfus cites his motion to withdraw his plea, the hearing on that motion, and his own pro se motions before the trial court in which he explained the basis for his belief that the damage amount was under $500. Stolfus also contends that his conflict counsel's ability to determine "that the damage to the railing specifically was $495" demonstrates that evidence supporting a lower calculation was available and that his trial counsel's representation was deficient and prejudicial for failing to produce that evidence.

¶ 6 Stolfus's assertion that the damage was under $500, however, is purely speculative, and his claim that conflict counsel found evidence to support that assertion is misleading. Conflict counsel did not arrive at the cited $495 damage figure after conducting his own inquiry; rather, he obtained that figure from the State's itemized estimate, which is otherwise undisputed. The State explained that the $495 item on its estimate accounted for the damage to the railing itself. The remaining $1,159 in the State's estimate accounted for the cost of debris removal and damage to the aluminum siding and a window awning caused by Stolfus's removal of the railing because "the railing went ... up into the eaves[ ] and was bolted to the side of the house and a few other things." "Speculation that [exculpatory evidence] exists is not sufficient to meet the prejudice component of the *Strickland* test." *Parsons v. Barnes*, 871 P.2d 516, 526 (Utah 1994).

¶ 7 Stolfus also claims that the only reason he entered his plea was because he felt he had no choice but to "take the plea deal and attempt to withdraw his plea and obtain private counsel," or risk going "to trial with an attorney [whom] he had no confidence in." He explained that he took the plea option in part because he was under the mistaken impression that he would be able to unequivocally withdraw his plea within thirty days of entering it. He relies on evidence demonstrating his ongoing belief that the damage amount was under $500 to prove that he did

not knowingly admit to having caused $1,654 in damage. He also references excerpts from the plea hearing to show that the court and State were aware that Stolfus did not agree to the $1,654 damage amount. In particular, he directs our attention to the prosecutor's acknowledgment that Stolfus was "not agreeing" to the amount of damage that was done and that the State "agree[d] that [he] can still try to prove what the actual amount might have been" for purposes of restitution.

 ¶ 8 We are not persuaded that any of these assertions are helpful to Stolfus's ineffective assistance claim or otherwise demonstrate a lack of knowledge or voluntariness on Stolfus's part. Indeed, Stolfus's plan to withdraw his plea after entering it demonstrates that he understood what he was pleading to—that he caused $1,654 of damage rather than $500. And whether Stolfus agreed with the $1,654 damage amount is ultimately unavailing here because he entered an *Alford* plea. *See generally State v. Ott*, 2010 UT 1, ¶ 9 n. 2, 247 P.3d 344. Because a defendant "necessarily does not admit to all elements of the charged crimes" when entering an *Alford* plea, "the record must be sufficient to satisfy the trial court and/or a reviewing court that the State's case is strong enough to warrant acceptance of the plea when guilt is not admitted by the defendant." *State v. Stilling*, 856 P.2d 666, 674 (Utah Ct.App.1993). The record shows that Stolfus knew that by entering an *Alford* plea he was not necessarily admitting guilt to each element of the charged offense or agreeing with all of the facts underlying entry of the plea. Stolfus misrepresents the acknowledgments by the trial court and prosecutor that Stolfus could still dispute the amount of damages—those comments were made in the context of determining the amount of *restitution* that Stolfus might be required to pay. Accordingly, we affirm the trial court's denial of Stolfus's motion to withdraw his plea on ineffective assistance grounds. *See Parsons*, 871 P.2d at 522–23, 526 (noting that a defendant must "affirmatively prove both prongs of the *Strickland* test to prevail" on an ineffective assistance claim).

 ¶ 9 Stolfus also requests that we review his unpreserved argument that he should be permitted to withdraw his plea because the trial court's plea colloquy did not strictly comply with rule 11 of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 11(e) (requiring a trial court to make several specific findings before accepting a defendant's guilty plea). We address this unpreserved argument for plain error. *See State v. Dean*, 2004 UT 63, ¶¶ 14–15, 95 P.3d 276. To demonstrate plain error, Stolfus must "establish that (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *Id.* ¶ 15 (citation and internal quotation marks omitted). For a trial court to comply with the mandates of rule 11(e), it need not "follow a particular script or any other specific method of communicating the rights enumerated by rule 11," rather, compliance "can be accomplished by multiple means so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled." *See State v. Corwell*, 2005 UT 28, ¶ 12, 114 P.3d 569 (citations and internal quotation marks omitted). Further, rule 11 permits the court to base its findings on statements contained in a plea affidavit "after the court has established that the defendant has read, understood, and acknowledged the contents of the statement." *Id.* (citation and internal quotation marks omitted).

¶ 10 Stolfus asserts that the trial court did not "fully explain the elements of the offense" and that it failed "to elicit a factual basis sufficient to fulfill those elements." He argues that had he been "informed that he was pleading to a third degree felony with damages that were over $1,500 then he would have better understood the magnitude of the offense and rethought his guilty plea." We are not persuaded; Stolfus's handwritten summarization in the plea agreement of the elements of the offense included his written acknowledgment that the damage caused was between $1,500 and $5,000. Moreover, for the reasons stated above, we disagree that either of these alleged errors demonstrates that Stolfus lacked the requisite knowledge or voluntariness to enter his plea. In other words, even if the trial court committed error

in the manner it conducted its plea colloquy, we are not convinced that any such error was harmful, i.e., had the trial court reiterated the elements of the offense again or more directly, it would not have "affected the outcome of the plea process," *Dean*, 2004 UT 63, ¶ 22, 95 P.3d 276 (citation and internal quotation marks omitted). We affirm the trial court's ruling.